HENRY BATES and another *vs.* HENRY EMERY.

Barnstable.　Nov. 14, 1882. — Jan. 5, 1883.　W. ALLEN & HOLMES, JJ., absent.

The builder of a vessel made an agreement with A., who had worked on the vessel for wages, that, when she was finished, A. should furnish sails, which were to remain A.'s property; and that A. should use her and give the builder a portion of her earnings. A., falsely representing that he owned the hull, made a contract with a sailmaker, under which the sails were furnished, and A. used the vessel under the agreement with the builder. *Held,* that the sailmaker could not maintain a petition, under the Gen. Sts. *c.* 151, §§ 12, 13, to enforce a lien against the vessel.

PETITION, under the Gen. Sts. *c.* 151, §§ 12, 13, to enforce a mechanic's lien against a boat called the Triumph. The respondent was defaulted, and Jonathan C. Small and George A. Taylor appeared as claimants. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows:

The boat in question did not exceed five tons, old measurement, and was sloop-rigged. There was no evidence that she had ever been licensed or enrolled. Her hull, spars and rigging were built, in the winter of 1879, by Jonathan C. Small, who was a boat-builder, and who afterwards sold one half of her to the other claimant. The respondent Emery was employed by Small to assist in building the boat; and Small paid him wages for his work upon her, under an understanding between them that, when the boat was completed, Emery should furnish sails for her, which should be his property, and that he should use her for fishing and other purposes, and pay a certain lay or share of her net earnings to Small.

Upon the completion of the boat, Emery supplied her sails, and used her for fishing and other purposes, agreeably to said understanding, taking her sails into his custody, and controlling them as his property when the boat was laid up and not in use during the winter season.

Emery made a contract with the petitioners to furnish the labor and materials in making said sails, by declaring to them that he owned the hull of the boat, that he had paid for the materials used in building her, and had done enough work for Small to pay for Small's work on her. Induced and deceived by this statement of Emery, which was false, the petitioners performed labor and furnished materials in making said sails, as stated in the petition, and delivered them to Emery, who put them upon the boat as above stated.

Neither of the claimants personally made any contract, express or implied, or authorized Emery or any other person to make any such contract, for furnishing labor or materials in the making of said sails, with the petitioners or with any other person; nor did either of the claimants know, or have means or cause to know, that Emery had held himself out to the petitioners, or to any other person, as the owner of the hull of the boat, or of any part thereof except the sails; but Small was told by Emery that he got said sails of the petitioners, and had not paid for them.

The petitioners seasonably filed in the office of the clerk of the town of Chatham, on June 2, 1879, the statement required by law.

Upon these facts, the judge ruled that the petition could not be maintained, and found and ordered judgment for the claimants. The petitioners alleged exceptions.

*H. P. Harriman*, for the petitioners. The respondent was in possession of said boat under a contract to pay a certain part or share of her net earnings to Small, and was thus a special owner, or owner *pro hac vice*. In the only case in which this question has been raised, it was decided that the word "owners" meant special as well as general owners, and that a person repairing a vessel under a contract with such special owner has a lien. *Hawes* v. *The James Smith*, U. S. D. C. Mass. Dist. before *Sprague*, J., 2 Pars. Ship. & Adm. 146, & note. See also *Webb* v. *Peirce*, 1 Curtis, 104; *The Sarah Harris*, 13 Blatchf. C. C. 503; *The Monsoon*, 1 Sprague, 37; 3 Kent Com. 138.

*J. M. Day*, for the claimants.

C. ALLEN, J. In order to create a lien upon a vessel, the labor must have been performed or the materials furnished by virtue of a contract, expressed or implied, with the owners, or with the agents, contractors or sub-contractors of such owners, or some one of them, or with some person having been employed to construct, repair or launch such vessel, or to assist them. The contract of Emery with the petitioners for the making of the sails did not fall within this description. He did not stand in any such relation to the owners as the statute contemplates; and they are not estopped to set up the true facts, by reason of his falsehoods to the petitioners. See *Morse* v. *Newbury School District*, 3 Allen, 307.          *Exceptions overruled.*